CHARLES J. SCHUCK, Judge.
Claimant Ben Chaplan, doing business as the National Towel Supply, operates a linen and towel supply business in the city of Charleston, Kanawha county, West Virginia. Before and since 1942 claimant, has paid annually to the state tax commissioner under the business and occupation tax statute, certain specific amounts for each year, as reported on forms used for that purpose and supplied by the *165 state to the taxpayer. In 1944 our Supreme Court, in Harper v. State Tax Commissioner, 126 W. Va. 707, held that the furnishing of linen and towels was not a service within the meaning of the statute, and that persons so engaged were not subject to taxation under the business and occupation tax statute of the state. It is admitted by the state that the tax payments made by claimant were exempt and not collectible but that a refund should only be allowed under the two-year statute of limitations as provided, and that such refund having already been made by the tax commissioner that claimant is not entitled to any further refund by the state or by the agency involved.
In the opinion of the majority of the court there is a moral obligation imposed upon the state to refund all taxes so improperly paid and illegally collected, not barred by the statute of limitations, to wit, five years, governing consideration of claims by this court.. A majority of the court so held in Davis v. State Tax Commissioner, decided April 21, 1948, and we reaffirm and readopt the opinion rendered in that claim as governing in the determination of the instant claim.
Claimant filed an itemized statement detailing the tax payments made for the years 1942 to 1944 inclusive and totaling $1,514.89, which statement was not contradicted by the state; however, the payment of $570.-62, made for the year 1942, is barred by the statute of limitations governing consideration of this claim and cannot be included in any award made herein.
Therefore, a majority of the court is of the opinion that a refund should be made to the claimant for the taxes paid for the years 1943 and 1944, and amounting to the sum of $944.27.
Accordingly, an award in the sum of nine hundred forty-four dollars and twenty-seven cents ($944.27) is made in *166 favor of claimant and recommended to the Legislature for appropriation and payment.